UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kellie Payne,                                             Case No. 3:18-cv-2451

              Plaintiff

      v.                                            MEMORANDUM OPINION
                                                         AND ORDER

Kistler Ford, et al.,

              Defendants

## I. INTRODUCTION

Plaintiff Kellie Payne filed suit against Defendants Ford Motor Company and Kistler Ford (collectively, "Ford") in the Lucas County, Ohio Court of Common Pleas. Ford removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. No. 1). Payne seeks to remand the case, arguing the removal was procedurally improper and that I also lack subject matter jurisdiction. (Doc. No. 3). Ford filed an opposition to the motion to remand. (Doc. No. 10). Payne filed a reply. (Doc. No. 11). For the reasons stated below, Payne's motion to remand is denied.

## II. STANDARD

A notice for removal must be filed within 30 days from date of formal service on the defendant. 28 U.S.C. §1446(b). Removal to a federal court from a state court is appropriate in a case involving class action allegations if the movant demonstrates any plaintiff is a citizen of a different state from any defendant and the aggregate damages amount to $5,000,000 or more. 28 U.S.C. §1332(d)(2)(A).

### III. BACKGROUND

Payne alleges Ford sold vehicles with a defect, which caused exhaust emissions to enter the passenger cabin, resulting in personal injury. (Doc. No. 1-1 at 7, ¶ 6). Payne pleads Ford knew or should have known about the defect and failed to notify Payne and the class. (Doc. No. 1-1 at 13, ¶ 35). On September 20, 2018, Payne filed a class action complaint naming Ford and Kistler Ford as defendants for breach of contract, breach of express and implied warranties, violation of O.R.C. § 1345.70, violation of the Magnuson-Moss Warranty Act, and strict product liability. Payne seeks recovery for personal injuries both individually and on behalf of a class of "all persons similarly situation." Service on the Defendants was complete on September 25, 2018. (Doc. No. 1-1 at 2). On October 23, 2018 Ford filed its notice of removal. (Doc. No. 1).

### IV. ANALYSIS

Payne argues Ford did not remove the case within the 30-day timeline mandated by statute and that I lack subject matter jurisdiction because there is not complete diversity between plaintiffs and defendants. Ford argues I should deny Payne's motion for remand because the notice for removal met the minimal jurisdiction requirements in a class action and the notice was timely filed within 28 days of service.

#### A. DIVERSITY JURISDICTION

Ford, citing the Class Action Fairness Act ("CAFA") and *Miss. ex rel. Hood v. AU Optronics Corp.*, argues jurisdiction is proper because this case meets the minimal diversity requirements, as the named plaintiff is a citizen of Ohio and one of the defendants is a Delaware corporation with its principal place of business in Michigan. Contrarily, Payne argues *Hood* is irrelevant because it is not factually similar to this case, as *Hood* involved a mass action claim and this claim is a class action.

CAFA expanded diversity jurisdiction for class action claims in two ways. First, the ordinary requirement of complete diversity was replaced with a minimal diversity requirement. 28 U.S.C. §

1332(d)(2)(A); *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014). This expansion allows federal courts to exercise jurisdiction if any plaintiff is a citizen of a different state from any defendant. 28 U.S.C. § 1332(d)(2)(A). Second, the expansion alters the amount in controversy requirement, permitting federal courts to exercise jurisdiction over claims with an aggregate amount in controversy of $5,000,000 or more, instead of requiring each plaintiff to have a claim exceeding $75,000. 28 U.S.C. § 1332(d)(2); *see also Hood*, 571 U.S. at 165-66. Class action claims meeting these requirements may be removed to federal court. 28 U.S.C. § 1453. Here, one plaintiff is a citizen of a different state than one defendant, as Payne is a citizen of Ohio and Ford a citizen of Michigan. These facts satisfy the minimal diversity jurisdiction requirement for class actions.

While *Hood* is not factually analogous to this case, the Supreme Court's discussion of the amendments to § 1332 is relevant and reinforces the existence of jurisdiction and the appropriateness of removal. The Court in *Hood* differentiates the loosening of the diversity jurisdiction requirements in both mass actions and class actions and explicitly notes that the CAFA amendments to § 1332 permit a class action to be removed when there are 100 or more "named or unnamed" persons falling "within the definition of the proposed or certified class." *Hood*, 571 U.S. at 169. Payne estimates the number of potential plaintiffs at "no less than 1,000 . . . ." (Doc. No. 1-1 at 7).

The facts Payne alleges fall comfortably within the boundaries of § 1332(d), and I conclude I have subject matter jurisdiction over Payne's claims.

## B. TIMELY NOTICE

Payne further argues Ford's notice of removal was untimely and therefore the case should be remanded to state court. A notice of removal of a civil action must be filed within 30 days after receipt by the defendant, through service or other means, of the pleading, motion, order, or other paper. 28 U.S.C. § 1446(b); *see e.g., Freedom Steel, Inc. v. Senn Frieght Lines, Inc.*, No. 1:09-CV2750, 2010

WL 395228, at *1 (N.D. Ohio Jan. 26, 2010) (the period to file a notice of removal is triggered by the defendant's actual receipt of service of process).  The 30-day period does not begin to run until formal service of process has been effected on the defendant.  *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

Here, service on Ford was perfected on September 25, 2018, when it actually received the complaint and service of process.  (Doc. No. 1-1 at 2).  Ford filed its notice of removal on October 23, 2018, 28 days after its receipt of service.  The plain language of the statute and its interpretation establishes removal was proper under § 1446.

Finally, Payne also has filed a motion to strike Ford's motion to dismiss based on her argument that removal was improper.  (Doc. No. 9).  Because I have concluded I have subject matter jurisdiction and Ford's notice of removal complied with the procedural requirements of § 1446, I deny Payne's motion to strike as moot.

## V. CONCLUSION

For the reasons stated above, Payne's motion for remand, (Doc. No. 3), and her motion to strike Ford's motion to dismiss, (Doc. No. 9), are denied.  Payne shall file her memorandum in opposition to Ford's motion to dismiss, (Doc. No. 6), within 21 days of the entry of this memorandum opinion.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge