UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kellie Payne,                                       Case No. 3:18-cv-02451

    Plaintiff,

v.                                                  MEMORANDUM OPINION
                                                    AND ORDER

Kistler Ford, *et al.*,

    Defendants.

## I.    INTRODUCTION

Defendants Kistler Ford and Ford Motor Company move to dismiss all but one of Plaintiff Kellie Payne's claims. (Doc. No. 6 and 17). Ford also moves to strike Payne's allegations in support of her proposed class action. (Doc. No. 7). Payne has filed responses to the motions to dismiss, (Doc. No. 25 and 30), and to Ford's motion to strike her class allegations. (Doc. No. 13). Payne also moves to amend her complaint, (Doc. No. 33), and moves for a pretrial conference. (Doc. No. 35). Defendants have filed briefs in reply.

For the reasons stated below, Defendants' motions to dismiss are granted, and Ford's motion to strike and Payne's motions are denied.

## II.    STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as

true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

### III.    BACKGROUND

Payne purchased a used 2013 Ford Explorer from Kistler Ford on April 10, 2015, for a total of $30,069.00. (Doc. No. 1-1 at 16). On October 18, 2017, Payne learned Explorers reportedly had an issue with carbon monoxide entering the passenger cabin of the vehicle. (Id.). The following day, she told Kistler Ford she was experiencing "the physical and mental symptoms from the carbon monoxide exposure she had been suffering for several months." (Id.). In December 2017, Ford issued a notice to current owners of model year 2011-2015 Explorers, offering to cure the carbon

2

monoxide defect "free of charge." (Id. at 28). Payne seeks recovery of economic damages both individually and on behalf of a class of "all persons similarly situation." (Doc. No. 1-1 at 2).

## IV. ANALYSIS

Defendants seek to dismiss all of Payne's claims except Count VIII, which sets forth a cause of action for personal injuries she allegedly suffered as a result of the presence of exhaust odor in the passenger compartment of her Explorer. (Doc. No. 6; Doc. No. 17). Ford also has filed a motion to strike the class allegations from the complaint. (Doc. No. 7).

After the parties completed briefing on the motions to dismiss, Payne filed a motion for leave to amend her complaint, asserting that a January 2019 notice related to the exhaust odor problem is proof Ford failed to remedy the problem previously. (Doc. No. 33). Payne seeks to amend her complaint to allege Ford intentionally or negligently failed to repair the exhaust odor problem and continues to expose consumers to the exhaust odor after having led them to believe the problem had been resolved. (Doc. No. 33 at 3).

### A. CLAIM PRECLUSION

Defendants argue Payne's claims, other than her cause of action for alleged personal injuries she sustained due to the presence of exhaust odor in the passenger compartment of her vehicle, are barred by the doctrine of claim preclusion, because of the final class action settlement order entered in the United States District Court for the Southern District of Florida, in *Sanchez-Knutson v. Ford Motor Co.*, Case No. 14-cv-61344. In that case, Angela Sanchez-Knutson, on behalf of a subsequently-certified class of "[a]ll entities and natural persons in the United States" who were current or former owners of a model year 2011-2015 Ford Explorer, asserted claims for: (1) violation of the Magnuson-Moss Warranty Act; (2) violation of state consumer protection laws; (3) breach of express warranties; and (4) breach of implied warranties. (Doc. No. 31-1; Doc. No. 6-2).

3

The entry of judgment in a class action "is binding on class members in any subsequent litigation." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). A plaintiff's claim is barred if the defendant can establish these elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (citation omitted).

The *Sanchez-Knutson* settlement order expressly held that, by entry of that order, any member of the settlement class released and waived "any claim for violations of federal, state, or other law" against Ford or its "authorized dealers," "based upon Exhaust Odor in the Class Vehicles." (Doc. No. 6-2 at 17). The settlement order excluded only claims for personal injuries or made pursuant to a claim procedure through the Better Business Bureau Auto Line. (Id.).

Payne was on notice of the pending class action litigation in Florida, and she offers no evidence that she opted out of that class. (*See* Doc. No. 25-1). Further, she did not object to the class action settlement, though the class action notice informed her of her right to do so. (Id. at 2).

Payne's counter-arguments focus mainly on the sufficiency of the class-action notice. (Doc. No. 25 at 2-4). It is true that a plaintiff, even one who did not object during the pendency of a prior class-action lawsuit, may mount a collateral challenge to the preclusive effect of that prior judgment. *See, e.g., Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 420 (6th Cir. 2012) ("[I]n deciding whether to afford [a prior] settlement full faith and credit, we may review the substance of whether that settlement complied with the Due Process Clause.").

4

Due process, however, "does not require the notice to set forth every ground on which class members might object to the settlement." *Gooch*, 672 F.3d at 423 (quoting *Int'l Union, UAW v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir.2007)). A settlement notice is sufficient if it informs "the class members of the nature of the pending action, the general terms of the settlement, that complete and detailed information is available from the court files, . . . that any class member may appear and be heard at the hearing, . . . and information [about] the class members' right to exclude themselves and the results of failure to do so." *Gooch*, 672 F.3d at 423 (citations and internal quotations marks omitted).

The *Sanchez-Knutson* notice comports with these requirements. It notifies the recipient that (1) current and former owners and lessees of model year 2011-2015 Ford Explorers are members of the class action; (2) the case involves allegations "that exhaust odor may enter the passenger compartment of some vehicles due to defects"; (3) there is a repair procedure or repair cost reimbursement available; (4) "all reimbursement options as well as non-monetary Settlement benefits" are described in a long-form notice available online at an identified website; (5) class members may object to the settlement or exclude themselves from the settlement; and (6) class members who do not exclude themselves "will be bound by all the Court's orders and judgments, even if you do not file a claim." (Doc. No. 25-1 at 2).

Though Payne argues the short-form notice limited the class action to claims for reimbursement, (Doc. No. 25 at 4), the text of that notice makes clear that reimbursement is a remedy, not a cause of action. The notice plainly states "[t]he lawsuit alleges that exhaust odor may enter the passenger compartment of some vehicles due to defects" and that the settlement "resolves the case." (Doc. No. 25-1 at 2). There is nothing "misleading" about the language used in the notice, *Gooch*, 672 F.3d at 424, and I conclude the notice satisfies the requirements of due process.

5

Payne received appropriate notice of the *Sanchez-Knutson* class action and the subject matter and scope of that litigation. A class action settlement may bar later claims when the later claims "share a factual predicate" with the claims resolved in the earlier class action. *Moutlon v. U.S. Steel Corp.*, 581 F.3d 344, 349 (6th Cir. 2009); *see also Lorillard Tobacco Co. v. Chester*, 589 F.3d 835, 848 (6th Cir. 2009) (A settled class action may bar later claims "even though the precluded claim was not presented, and could not have been presented, in the class action itself.") (quoting *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001)). I conclude Payne's claims, other than her claim for her alleged personal injuries, are barred by the *Sanchez-Knutson* settlement order because they share the same factual predicate as the earlier class action claims.[1]

### B. MOTION TO AMEND

Payne also moves to amend her class action complaint. (Doc. No. 33). Payne asserts a January 2019 letter from Ford to Explorer owners is evidence Ford did not previously remedy the exhaust odor problems as Ford represents. (Doc. No. 33 at 3). Ford points out that this letter only extends a "Customer Satisfaction Program" to March 31, 2019, from December 31, 2018. (Doc. No. 34 at 5).

Payne seeks to amend her complaint by expanding the prospective class to include "those individuals who were mislead by Defendants" about the exhaust odor repairs, and to include further allegations that Defendants "mislead the Plaintiffs that the carbon monoxide problems had been repaired when this was false." (Doc. No. 33-2 at 2-3, 5-6).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Payne's proposed amendments do not remove her claims from the scope of the *Sanchez-Knutson* class action

---

[1] I decline to address Defendants' alternate arguments, as the doctrine of claim preclusion fully resolves Defendants' challenge to Counts I – VII.

settlement order. Therefore, they are futile, and I deny her motion for leave to amend her complaint.

### C. MOTION TO STRIKE CLASS ALLEGATIONS

Ford also has filed a motion to strike the class allegations set forth in the Complaint. While Count VIII of the Complaint incorporates all of Payne's prior allegations (which include numerous class-related allegations) and alleges, among other things, that "Defendants acted maliciously, . . . and/or intentionally disregarded Plaintiff Payne's rights and the other Plaintiffs' rights . . . ." (Doc. No. 1-1 at 15), Payne asserts her personal injury claim merely "is an individual claim at this time[, and] [t]herefore, the class action allegations have no relevance at this time." (Doc. No. 33 at 2).

In light of my determination above that Counts I – VII are barred by the doctrine of claim preclusion and Payne's representation that she does not seek to represent a class with regard to Count VIII, I conclude it is unnecessary to strike the class-action-related allegations contained in the Complaint and deny Ford's motion without prejudice.

### V. CONCLUSION

For the reasons stated above, Defendants' partial motions to dismiss, (Doc. No. 6, Doc. No. 17), are granted. Payne's motion for leave to amend her complaint, (Doc. No. 33), is denied as futile. Ford's motion to strike class allegations, (Doc. No. 7), is denied without prejudice. Payne's motion for a pretrial conference, (Doc. No. 35), is denied as moot; following the entry of this Memorandum Opinion and Order, the Clerk of Court shall set this case for a case management conference.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge