UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Kellie Payne,                                          Case No. 3:18-cv-02451

                    Plaintiff,

          v.                                           MEMORANDUM OPINION
                                                              AND ORDER


Kistler Ford, *et al.*,

                    Defendants.


## I.    INTRODUCTION

Plaintiff Kellie Payne has filed a second motion to amend her complaint, (Doc. No. 43), as well as a supplement to that motion.  (Doc. No. 46).   Defendants Ford Motor Company and Kistler Ford oppose both motions.  (Doc. No. 44 and Doc. No. 50).  For the reasons stated below, Payne's motions are denied.

## II.    BACKGROUND

Payne filed suit asserting that she had suffered physical and mental symptoms from alleged carbon monoxide exposure in her 2013 Ford Explorer.  I previously granted Defendants' motion to dismiss all of Payne's claims except a claim for personal injuries she allegedly suffered as a result of carbon monoxide exposure and denied Payne's first motion to amend her complaint.  (Doc. No. 37).  She now seeks leave "to amend her individual complaint and class action complaint to seek additional remedies against these Defendants for falsely stating to the affected consumers that the

subject vehicles were tested for carbon monoxide exposure and repaired pursuant to the TSB16-0166 test when this was not the case and/or destroying critical documents regarding the carbon monoxide test results to prevent Plaintiffs from successfully litigating their causes of action against Defendants." (Doc. No. 43 at 4).

### III.    STANDARD

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Rule 16(b), a district court must issue a scheduling order limiting, among other things, the time to amend the pleadings. Fed. R. Civ. Pro. 16(b)(3). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (*citing Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). When a scheduling order deadline has passed, "a

plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909.

## IV.  ANALYSIS

### A.  PROPOSED COUNT I

Payne seeks to amend her complaint to assert a class action claim for personal injuries and medical expenses allegedly arising from a design defect in Ford Explorers that permitted carbon monoxide to enter the passenger cabin.  (Doc. No. 43-1 at 4-5).  I previously denied Defendants' motion to strike the class allegations in Payne's complaint because Payne stated she was not pursuing a class action claim concerning personal injuries "'at [that] time.'"  (Doc. No. 37 at 7 (quoting Doc. No. 33 at 2).  Payne's statement was limited to her then-present intention – that is, she represented she was not pursuing a personal-injury class action claim as of the date she made the statement.  Payne did not disclaim any intention to pursue such a claim in the future.

That does not mean, however, that she is entitled to amend her complaint to include Proposed Count I.  That claim is predicated on the allegation that the Explorers were defectively designed and manufactured and that these defects caused personal injuries to Payne and the purported class.  (Doc. No. 43-1 at 4).  The class Payne seeks to represent is made up of "all those individuals who purchased Ford Explorers that have a seriously hazardous carbon monoxide manufacturer's defect that would cause consumers of these vehicles to be exposed to carbon monoxide while driving these motor vehicles."  (Doc. No. 43-1 at 2).

As an initial matter, the proposed class is too broad.  It includes all purchasers of an allegedly defective Explorer, encompassing an unknown number of individuals who lack standing to sue because they suffered no injuries and incurred no medical expenses.  *See, e.g., Pilgrim v. Universal*

*Health Card, LLC*, No. 5:09CV879, 2010 WL 1254849, at *2 (N.D. Ohio Mar. 25, 2010), *aff'd*, 660 F.3d 943 (6th Cir. 2011).

      Further, I previously rejected Payne's attempts to bring a class-action claim against Ford on the basis of a design or manufacturing defect because those claims are precluded by a class action settlement order entered in the United States District Court for the Southern District of Florida, in *Sanchez-Knutson v. Ford Motor Co.*, Case No. 14-cv-61344.  (*See* Doc. No. 37).

      Nor does Payne satisfy Rule 23's commonality requirement.  *See* Fed. R. Civ. P. 23(a)(2). Her allegation that she and the other members of the proposed class "suffered personal injuries and incurred medical expenses," (Doc. No. 43-1 at 5), falls short of the specificity she needs to plausibly allege she and the other proposed class members "suffered the same injury."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (citation omitted).

      Finally, Payne fails to show common questions of law would predominate over individual questions.  Negligence concepts such as foreseeability and proximate cause, as well as relevant statutes of limitation and repose, are likely to differ among many of the class members, making this claim ill-suited for pursuit in a class action.  *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1085 (6th Cir. 1996) ("If more than a few of the laws of the fifty states differ, the district judge would face an impossible task of instructing a jury on the relevant law, yet another reason why class certification would not be the appropriate course of action.").

### B.  PROPOSED COUNT II

      Proposed Count II fairs no better.  In this count, Payne alleges Defendants either destroyed results from a test to measure for carbon monoxide in the passenger cabin or never inspected the Explorers for carbon monoxide despite promising to do so.  (Doc. No. 43-1 at 5-6).  Payne fails to state a plausible claim for relief for herself or for a class.

4

First, Payne fails to show Ford promised to test the passenger cabin of her Explorer for carbon monoxide.  The letter on which she relies states only that Ford "is aware that some Explorer owners have concerns about exhaust or carbon monoxide" and offers a service "that reduces the potential for exhaust to enter the vehicle."  (Doc. No. 46-2 at 1).  The letter does not promise Ford will perform any tests to determine the carbon monoxide levels in an individual owner's vehicle.

Next, Payne offers no evidence to suggest she has any knowledge about whether any tests were performed on an Explorer owned by anyone else or whether Ford provided tests results to any other Explorer owner.  Therefore, she fails to establish that her proposed class include any individual who would have standing to bring this claim on her own.  *Pilgrim*, 2010 WL 1254849 at *2.

Finally, Payne fails to plausibly allege Defendants interfered with or destroyed evidence.  To state such a claim, a plaintiff must show there was "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts."  *Smith v. Howard Johnson Co.*, 615 N.E.2d 1037, 1038 (Ohio 1993).

At a minimum, Payne's motion to amend falls short because she offers only the conclusory allegation that the Defendants destroyed carbon monoxide test results.  She alleges no facts from which it is plausible a jury could conclude Defendants willfully destroyed evidence with the intent to disrupt Payne's lawsuit.  *See, e.g., Drawl v. Cornicelli*, 706 N.E.2d 849, 852 (Ohio Ct. App. 1997) ("An act is willfully done, if done voluntarily and intentionally and with the specific intent to do something the law forbids . . . ." (internal quotation marks and alterations omitted)).

## V.    CONCLUSION

For the reasons stated above, I conclude Defendants would suffer undue prejudice from Payne's proposed amendments.  *Leary*, 349 F.3d at 906; *Foman*, 371 U.S. at 182.  I deny Payne's motion for leave to amend her complaint, (Doc. No. 43), and her supplemental motion for leave to amend.  (Doc. No. 46).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge